# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CHARLES HANRAHAN,**

       **Plaintiff,**

**v.**                                          **Case No:   6:14-cv-1439-Orl-41GJK**

**COMMISSIONER OF SOCIAL
SECURITY,**

       **Defendant.**

_____

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motions filed

herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT (Doc. No. 11)** |
| **FILED:** | **October 23, 2014** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE CIVIL ACTION BASED ON EQUITABLE TOLLING (Doc. No. 15)** |
| **FILED:** | **October 30, 2014** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

## I.    BACKGROUND.

On November 27, 2012, the ALJ issued a decision denying Plaintiff's claim for disability benefits.   Doc. Nos. 11 at 2; 11-1 at 3, 5-18.   Plaintiff subsequently appealed the ALJ's decision to the Appeals Council.   On June 4, 2014, the Appeals Council sent a letter addressed to Plaintiff denying his request for review of the ALJ's decision.   Doc. Nos. 1 at ¶ 2; 11 at 2; 11-1 at 3, 19-23.   The Appeals Council's letter states that Plaintiff has sixty (60) days to file a civil action in federal court, and that he is assumed to have received the letter five (5) days after the date on the letter, unless he makes an affirmative showing that he did not receive the letter within the five-day mailing period.   Doc. No. 11-1 at 20.   On September 4, 2014, Plaintiff filed a complaint (the "Complaint") appealing the Commissioner's decision denying his claim for disability benefits. Doc. No. 1.

## II.    THE MOTIONS.

### A.  Motion to Dismiss and/or Motion for Summary Judgment.

On October 23, 2014, the Commissioner filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (the "Motion").   Doc. No. 11.   The Commissioner maintains that, absent an extension of time, Plaintiff had until August 8, 2014 – 65 days after June 4, 2014 – to file the Complaint.   *Id*. at 2, 4.   To the Commissioner's knowledge, Plaintiff neither requested nor was granted an extension of time to file the Complaint.   *Id*. at 4.   Since the Complaint was filed after August 8, 2014, the Commissioner argues that this action is barred by the applicable statute of limitations.   *Id*. at 4-5.   The Commissioner further argues that the statute of limitations should not be equitably tolled because "[t]he length of time between the Appeals Council's denial and the filing of Plaintiff's complaint indicates that he did not pursue his rights diligently[.]"   *Id*.

at 5-6.   In light of the foregoing, the Commissioner requests that the Court dismiss the Complaint as untimely under 42 U.S.C. § 405(g).   *Id*. at 6.

In support of the Motion, the Commissioner attached an October 10, 2014 declaration of Patrick J. Herbst (Doc. No. 11-1 at 1-4),[1] a copy of the "Notice of Decision – Unfavorable" with the ALJ's decision (*Id*. at 5-18), and the "Notice of Appeals Council Action" (*Id*. at 19-23).   Mr. Herbst declares that he is "responsible for the processing of claims under Titles II and XVI of the Social Security Act, as amended, whenever a civil action has been filed in the State of Florida[.]" *Id*. at 3.   Based on the information available to him in his official capacity, Mr. Herbst declares that "[o]n June 4, 2014, the Appeals Council sent, by mail addressed to the plaintiff at Apt E, 270 Hart Ln, Kissimmee, FL 34743, notice of its decision and of the right to commence a civil action within sixty (60) days from the date of receipt[.]"   *Id*.   Mr. Herbst further declares that he is not aware of any request by Plaintiff for an extension of time to file the Complaint.   *Id*.

On October 30, 2014, Plaintiff filed a response in opposition to the Motion (the "Response").   Doc. No. 14.   Plaintiff acknowledges that the Complaint was not timely filed with the Court, but argues that the statute of limitations should be equitably tolled because his administrative counsel "misinformed" him about the deadline to file the Complaint.   *Id*.   In support, Plaintiff attached a sworn letter from himself to Anthony Reeves, Esq., Plaintiff's current counsel, providing the following explanation about timing of the Complaint:

> [My administrative counsel] called me to inform me that my last appeal was denied.   They informed me that they would not take my case any further [and] I had until Sept[ember] to file.   They . . . really did not explain clearly to me my options to go further with my case . . . [and] my understanding was I had until Sept[ember] 2014 to find someone that would take my case further or file [a] new claim.

---

[1] According to his declaration, Mr. Herbst is the "Chief of Court Case Preparation and Review Branch 3 of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration[.]"   Doc. No. 11-1 at 1.

Doc. No. 14-1.   In light of the foregoing, Plaintiff requests the Court deny the Motion.   Doc. No. 14 at 3.   In the event the Court grants the Motion, Plaintiff requests the Court dismiss his case without prejudice "to allow him to seek a good cause extension with the Appeals Council."   *Id*. at 3.[2]

### B.  Motion for Extension of Time.

On October 30, 2014, Plaintiff filed a Motion for Extension of Time to File Civil Action Based on Equitable Tolling (the "Motion for Extension of Time").   Doc. No. 15.   The Motion for Extension of Time is identical to Plaintiff's Response, as Plaintiff requests the statute of limitations be equitably tolled because his administrative counsel "misinformed" him about the deadline to file the Complaint.   *Id*.   Plaintiff certifies the Commissioner objects to the relief requested (*Id*. at 3), but the Commissioner has not filed a response in opposition to the Motion for Extension of Time.[3]

### III.  STANDARD OF REVIEW.

The Commissioner moves to dismiss this action on the basis that Plaintiff has failed to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure.   Doc. No. 11 at 1.   Alternatively, the Commissioner maintains that the Motion may be treated as a motion for summary judgment, pursuant to Rule 56, Federal Rules of Civil Procedure.   *Id*.   Thus, as a preliminary matter, the Court must decide how to construe the Motion.

---

[2] Plaintiff represents that he faxed a request for an extension of time to the Appeals Council on October 28, 2014. Doc. No. 14 at 3 n.1.   As of the date of this report and recommendation, there is nothing in the record indicating whether the Appeals Council granted Plaintiff's request for an extension of time.

[3] Based on the Motion and Plaintiff's certification concerning the Commissioner's opposition to the Motion for Extension of Time, it is clear the Commissioner opposes a nunc pro tunc extension of time to file the Complaint. Accordingly, the Motion for Extension of Time should not be granted as unopposed simply due to the Commissioner's failure to file a timely response thereto.

"Whether or not a district court will utilize the 12(b)(6) standard or Rule 56 standard will depend on whether the district court considered matters outside the pleadings." *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1266 n.11 (11th Cir. 1997). Rule 12(b)(6), Federal Rules of Civil Procedure, typically requires a court to ascertain from the face of the complaint whether a plaintiff has stated a claim upon which relief could be granted. *Id*. Generally, "[o]nce the court considers matters outside the complaint, the 12(b)(6) motion to dismiss converts into a motion for summary judgment." *Id*.; *see also* Fed. R. Civ. P. 12(d). Since the parties ask the Court to consider matters outside the pleadings, such as Mr. Herbst's declaration (Doc. No. 11-1) and Plaintiff's letter (Doc. No. 14-1), it is **RECOMMENDED** the Court construe the Motion as a motion for summary judgment. *Garcia*, 104 F.3d at 1266 n.11.[4]

Summary judgment is appropriate only when the pleadings, depositions and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a), (c). The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of

---

[4] Before a court converts a motion to dismiss into a motion for summary judgment, it must notify the parties and allow the parties ten (10) days to submit any relevant evidence and arguments in support or opposition to the merits. *Starship Enters. of Atlanta, Inc. v. Coweta Cnty., Ga.*, 708 F.3d 1243, 1252 n.13 (11th Cir. 2013) (citing *Garcia*, 104 F.3d at 1266 n.11). The Court has not provided the parties with formal notice that it will consider the Motion as a motion for summary judgment. Nevertheless, the Eleventh Circuit has recognized an exception to the notice requirement when the "parties are aware of the court's intent to consider matters outside the record and have presented all the materials and arguments they would have if proper notice had been given[.]" *Id*. The undersigned finds the parties were sufficiently aware that the Court would construe the Motion as a motion for summary judgment, given the Commissioner's alternative request for summary judgment (Doc. No. 11 at 1) and the parties' submission of evidence outside the pleadings (Doc. Nos. 11-1; 14-1).

material fact does exist.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party."  *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990).

## IV.     ANALYSIS.

A claimant seeking judicial review of the Commissioner's final decision must file a civil suit within sixty (60) days after receiving notice of the Commissioner's final decision.  *Jackson v. Astrue*, 506 F.3d 1349, 1353 (11th Cir. 2007) (citing 42 U.S.C. § 405(g)); *see* 20 C.F.R. § 422.210(c).  "Absent 'a reasonable showing to the contrary,' the date of receipt of such notice is presumed to be five days after the date of such notice."  *Christides v. Comm'r of Soc. Sec.*, 478 F. App'x 581, 583 (11th Cir. 2012) (per curiam) (citing 20 C.F.R. § 422.210(c)).[5]  Here, the Commissioner's final decision, i.e., the Appeals Council's letter, was issued and sent to Plaintiff's home address on June 4, 2014.  Doc. No. 11-1 at 3, 19.  Plaintiff does not contend that it took longer than five (5) days for him to receive the Commissioner's final decision.  *See* Doc. Nos. 14; 14-1.  Accordingly, Plaintiff had until August 8, 2014 – sixty-five (65) days from June 4, 2014 – to file the Complaint.  Plaintiff, however, filed the Complaint well after the deadline, on September 4, 2014.  Doc. No. 1.  Therefore, the Complaint, as Plaintiff acknowledges in his letter to Mr. Reeves (Doc. No. 14-1), is untimely, and the action is barred by § 405(g)'s statute of limitations.

Nevertheless, Plaintiff argues that the statute of limitations should be equitably tolled because his administrative counsel "misinformed" him of the deadline to file the Complaint.  Doc. No. 14.  A claimant seeking equitable tolling of § 405(g)'s statute of limitations must

---

[5] In the Eleventh Circuit, unpublished cases are not binding but are persuasive authority.  *See* 11th Cir. R. 36-2.

"demonstrate extraordinary circumstances, such as fraud, misinformation, or deliberate concealment." *Jackson*, 506 F.3d at 1355.   It is well-established that "[e]quitable tolling is an extraordinary remedy which should be extended only sparingly."   *Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1242 (11th Cir. 2004) (internal quotations omitted).   Thus, a conclusion that equitable tolling is warranted under § 405(g) "is reserved for extraordinary facts."   *Jackson*, 506 F.3d at 1353-54.

Plaintiff's request to equitably toll the statute of limitations depends solely on the fact that counsel misinformed him about the deadline to file the Complaint.   Doc. Nos. 14; 14-1.   Such misinformation does not constitute an extraordinary circumstance that warrants equitable tolling. Notwithstanding counsel's alleged misinformation, the Appeals Council sent a letter to Plaintiff's home address which clearly explained how much time Plaintiff had to file the Complaint with the Court.   Doc. No. 11-1 at 3, 19-20.   Plaintiff does not dispute that he received the Appeals Council's letter.   Thus, on this record, the Court presumes that Plaintiff received the letter and was otherwise on notice of how much time he had to file a complaint.   *See* 20 C.F.R. § 422.210(c). Furthermore, courts routinely find that an attorney's miscalculation of the filing deadline does not constitute an extraordinary circumstance that warrants equitable tolling.   *See, e.g.*, *Smith v. Astrue*, 393 F. App'x 596 (11th Cir. 2010) (per curiam) (finding "attorney error" does not constitute an extraordinary circumstance that warrants equitable tolling); *Collier-Fluellen v. Comm'r of Soc. Sec.*, 408 F. App'x 330 (11th Cir. 2011) (per curiam) (finding an attorney's miscalculation of the filing deadline does not constitute an extraordinary circumstance that warrants equitable tolling). For these reasons, Plaintiff has failed to demonstrate extraordinary circumstances that warrant equitable tolling of § 405(g)'s statute of limitations.   Accordingly, it is **RECOMMENDED** the

Court find the case is barred by § 405(g)'s statute of limitations, and, as a result, should be dismissed.

**V.    CONCLUSION.**

Accordingly, it is **RECOMMENDED** that:

1.  The Motion (Doc. No. 11) be **GRANTED**;

2.  The Motion for Extension of Time (Doc. No. 15) be **DENIED**;

3.  The case be **DISMISSED**; and

4.  The Clerk be directed to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 28, 2015.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy